IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OSVALDO VÁZQUEZ-FERNÁNDEZ,
HIS WIFE MARÍA SOLEDAD
MARTÍNEZ-MIRANDA AND THE
CONJUGAL PARTNERSHIP FORMED
BETWEEN THEM

Plaintiffs

v.                                                          CIVIL 08-2376 (ADC)

CAMBRIDGE COLLEGE, INC;
CAMBRIDGE COLLEGE d/b/a
CAMBRIDGE COLLEGE PUERTO RICO
REGIONAL CENTER; JANE DOE AND
JOHN DOE; COMPANIES X, Y, Z

Defendants

OPINION AND ORDER

Before the court are motions to compel, filed by both the defendant and plaintiffs, to resolve several discovery disputes.  The first is plaintiffs' motion to compel, filed on May 7, 2010.  (Docket No. 28.)  The defendant also filed a motion to compel plaintiffs to produce documents on May 17, 2010.  (Docket No. 32.) Plaintiffs opposed the defendant's motion and moved for a protective order. (Docket No. 36.)  The motions were referred to me for disposition on May 24, 2010.  (Docket No. 34.)  On August 2, plaintiffs filed a second motion to compel. (Docket No. 43.)  This motion was referred to me on August 10, 2010.  (Docket No. 44.)  For the reasons stated below, plaintiffs' motion is DENIED in part and

CIVIL 08-2376 (ADC)                    2

GRANTED in part.  The defendant's motion to compel is DENIED.  Plaintiffs' motion

for protective order is also DENIED.   Plaintiffs second motion to compel is

GRANTED.

<u>PROCEDURAL BACKGROUND</u>

On December 10, 2008, plaintiffs filed a complaint for employment

discrimination against the defendants.  (Docket No. 1.)  The complaint alleged

that the defendant violated the Age Discrimination in Employment Act, 29 U.S.C.

§§ 621-634 ("ADEA").   Plaintiffs also asserted violations of several statutes under

the  laws  of  the  Commonwealth  of  Puerto  Rico,  alleging  employment

discrimination, pursuant to Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29,

§146 <u>et. seq.</u>; wrongful dismissal, pursuant to Law 80 of May 30, 1976, P.R. Laws

Ann. tit. 29, §185(a); breach of contract, under Articles 1206 and 1054 of the

Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 3371 and 3018; and tort law

violations, under Articles 1802 and 1803, P.R. Laws Ann. tit. 31, §§ 5141-5142.

The defendant filed an answer on April 23, 2009.  (Docket No. 13.)  The parties

exchanged their initial disclosures on June 23, 2009.  (Docket No. 28, at 2, ¶ 3

& Docket No. 31, at 2.)  On September 28, 2009, the court issued a Scheduling

Order/Case Management Order setting the deadline for completion of discovery

for August 31, 2010.  (Docket No. 27.)

CIVIL 08-2376 (ADC)                    3

Plaintiffs filed their motion to compel responses to discovery requests on May 7, 2010.  (Docket No. 28.)  The defendant opposed plaintiffs' motion on May 17, 2010.  (Docket No. 31.)  On June 3, plaintiffs replied to the defendant's arguments.  (Docket No. 40.)  The defendant filed its motion to compel plaintiffs to produce documents on May 17, 2010.  (Docket No. 32.)  On May 24, plaintiffs opposed the defendant's motion to compel plaintiffs to produce documents and on June 2, opposed the motion for protective order.  (Docket Nos. 36 & 39.)  On August 2, 2010, plaintiffs filed a second motion to compel the defendant to produce the documents it had previously agreed to produce, interrogatories 12 and 13 and document requests 15 and 64.  (Docket No. 43.)  I address each party's motion in turn.

<u>ANALYSIS</u>

I.    PLAINTIFFS' FIRST MOTION TO COMPEL

A.    Background

On July 7, 2009, plaintiffs sent the defendant "Plaintiffs' First Set of Interrogatories, Request for Production of Documents and Request for Admissions." (Docket No. 28, at 2, ¶ 4.)  The defendant responded on November 10, 2009 by sending "Defendant's Answer to First Set of Interrogatories, Request for Production of Documents and Request for Admissions." (Docket No. 28, at 2, ¶ 6.)  The defendant's answer included a production of documents, as well as

CIVIL 08-2376 (ADC)                           4

objections to many of the requests.  Plaintiffs' counsel sent a letter to the defendant's counsel on December 4, 2009 requesting a meeting pursuant to Local Rule 26(b) to discuss plaintiffs' opposition to the defendant's objections.[1] (Docket No. 28, ¶ 7 & Docket No. 31, at 3.)  The Rule 26(b) meeting was held on December 29, 2009.  (Docket No. 28, at 3, ¶ 8.)  As a result of the meeting, the defendant's counsel agreed to discuss the objections with the defendant and supplement the response.  (Docket No. 28, at 3, ¶ 8 & Docket No. 31, at 3.)  After plaintiffs sent letters on January 13 and again on April 12 reminding the defendant of its agreement to supplement its response, the defendant supplemented the response on April 16, 2010.  (Docket No. 28, at 3, ¶¶ 9-11 & Docket No. 31, at 3.)

The parties once again conferred via telephone on April 29 to discuss discovery issues.  As a result of the telephone conference, the defendant sent plaintiffs a letter stating that it had "fairly supplemented the answer in accordance [with the parties'] agreements," but were available for further discussion on the issue.  (Docket No. 28-8, at 1, ¶ 3.)  Plaintiffs rejected the defendant's offer to once again meet to discuss the issues, arguing that the defendant's unresponsiveness and "dilatory tactics" are "harming [plaintiffs'] right for a full

---

[1] Rule 26(b) of the Local Rules of the United States District Court for the District of Puerto Rico, require that parties exhaust all efforts to resolve discovery disputes before presenting a dispute before a judge for resolution.

CIVIL 08-2376 (ADC)                    5

discovery prior to depositions." (Docket No. 28-9, at 1, ¶ 2.)  After several months of discussion, plaintiffs allege that the requests have not been sufficiently responded to and filed this motion to compel responses to the discovery requests. On August 2, 2010, plaintiffs filed a second motion to compel, arguing that although the defendant agreed to further supplement its response to several interrogatories and requests, the defendant has not done so and an order to compel should be issued.

     B.    Plaintiffs' Contentions

          1.    Deficiency of Supplemental Interrogatory Responses

First, plaintiffs argue that the supplemental response amounts to no response at all because the response was not answered and signed under oath by the defendant's designated officer, but was instead submitted by defense counsel. (Docket No. 28, at 5.)  On April 29, 2010 plaintiffs sent a letter to the defendant stating that "[t]he interrogatories are directed and must be answered by the client and not the attorney." (Docket No. 28-9, at 1, ¶ 2.)  In an email on April 30, the defendant stated that "defendant's attorneys are allowed to respond to these discovery requests under the provisions of Rule 11 of the Federal Rules of Civil Procedure." (Docket No. 28, at 7.)  However, in the defendant's opposition to the motion to compel, the defendant argues that the plaintiff's objection is premature and improper because "this issue was never discussed by the parties prior to

CIVIL 08-2376 (ADC)                              6

Plaintiffs' filing of the motion to compel." (Docket No. 31, at 4, ¶ 3, emphasis omitted.) As plaintiffs contend in their reply to the defendant's opposition, this statement is not correct. (D0cket No. 40.) It is clear from the defendant's April 30 email, that the parties had discussed this issue prior to plaintiffs filing the instant motion.

Under Rules 33 and 34, interrogatories and requests for production of documents are directed to the parties and must be answered by the parties to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A) & Fed. R. Civ. P. 34(b)(2)(A). Rule 33(b) requires that each interrogatory must be answered, separately and fully, in writing under oath and "the person who makes the answer, must sign them and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(3) and (5). Rule 34(b) requires the party to respond in writing and "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(A) and (B).

The response to an interrogatory under Rule 33 is either: (1) an answer in writing and signed under oath by the party to whom it is directed, or (2) an objection signed by the attorney who made the objection. Fed. R. Civ. P. 33(b)(1)(3)(5). Under Rule 34, however, the answer to a request for production of documents is generally either: (1) actual production of the documents, or (2)

CIVIL 08-2376 (ADC)                          7

an objection signed by the attorney making the objection. The Advisory Committee Notes accompanying Rule 34, however, state that "[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33, as amended . . . . " Fed. R. Civ. P. 34, Notes of Advisory Committee on 1970 Amendments to Rules. It follows then, that when a response to a production of documents is not a production or an objection, but an answer, the party must answer under oath. See Colón v. Blades, _____F.R.D._____2010 WL 986704, at *3 (D.P.R. 2010) ("[w]hen a party claims that the requested documents have already been produced, it must indicate that fact under oath in response to the request.") (citing Rayman v. Am. Charter Fed. Sav. & Loan Ass'n, 148 F.R.D. 647, 651 (D. Neb. 1993) ("The [Advisory Committee] comment [to Rule 34] above indicates that in such a situation [where the defendant responded by stating that the documents had been produced], the proper procedure for making the response is mandated by Rule 33, which requires responses by the party under oath.")). Therefore, the defendant's responses to plaintiffs discovery requests must be signed under oath.

    The defendant asserts that the April 16 letter was a supplement to its answers of November 10, 2009 which was served and verified by the party under

CIVIL 08-2376 (ADC)                          8

oath.[2]  (Docket No. 31, at 5.) The defendant contends that the supplement is not deficient because a supplement is governed by Rule 26, not Rule 33.

Rule 26(e) requires that "[a] party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response[.]" Fed. R. Civ. P. 26(e)(1).  The defendant argues that Rule 26(e), does not require a supplemental response to be signed under oath.  The defendant instead relies on Rule 26(g), which states that "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name-- or by a party personally, if unrepresented[.]"  Fed. R. Civ. P. 26(g)(1).

The duty to supplement as required by Rule 26 is not very clear, and it is even less clear about whether Rule 33's duty to sign a response under oath is also required for a supplement.  What is clear however, is that interrogatories must be answered under oath by the party or objected to by an attorney, stating the reasons for the objection.  Requests for production of documents alternatively only requires a party to sign a response under oath when the response is not a production of requested documents or an objection.

_____

[2]  The defendant's original response did include a verification by the defendant's designee, Dr. Pedro O. Schuck:  "Cambridge College's Answers to Plaintiffs' First Set of Interrogatories, Request for Production of Documents and Request for Admissions [are] accurate and true under the pains and penalties of perjury . . . . "  (Docket No. 28-3, at 17.)

CIVIL 08-2376 (ADC)                    9

Here the defendant responded answers to the requests in the supplement. For example, Request No. 16 asks for "all documents that relate to the creation of the Center of Leadership and Continuing Education or its equivalent." (Docket No. 28-3, at 9.)   The original response was an objection that the request was overbroad and burdensome.  (Docket No. 28-3, at 9.) The supplemental response however stated that "[t]he information requested has already been provided during the Initial Disclosures and/or in the College's answer to Plaintiff's discovery requests.  As such, there is no information to supplement." (Docket No. 28-7, at 2.)

Where the first answer was an objection, requiring signature by an attorney, the supplemental answer stated that all documents have been produced.  If this answer were in the original response, it would have required a signature under oath by the party.  Therefore, I grant this portion of plaintiffs' motion to compel and order the defendants to produce all documents responsive to RFP Nos. 16, 64, 69, 83, 86 and 92.  If the defendant finds that all responsive documents have been produced, then it must clearly indicate that under oath with corresponding specificity.

        2.    Specific Objections to Discovery Requests

Next, plaintiffs assert that they are entitled to the discovery requested, even though it may be broad, because courts allow "liberal discovery to clarify complex

CIVIL 08-2376 (ADC)                    10

issues encountered in litigation seeking to redress employment discrimination...

." (Docket No. 28, at 8.)  Specifically, plaintiffs oppose many of the defendant's

objections to their interrogatories and document requests.  (Docket No. 28, at 8-

24.)

Rule 26(b) allows a broad range of discovery: "[p]arties may obtain

discovery regarding any non-privileged matter that is relevant to any party's claim

or defense."  Fed. R. Civ. P. 26(b)(1).  However, the information being sought

must not be duplicative or burdensome, but it "need not be admissible at the trial

if the discovery appears reasonably calculated to lead to the discovery of

admissible evidence."  Fed. R. Civ. P. 26(b)(2).  In employment discrimination

cases, the discovery allowed is even more broad, "[b]ecause employers rarely

leave a paper trail-or "smoking gun" - attesting to a discriminatory intent,

[therefore] disparate treatment plaintiffs often must build their cases from pieces

of circumstantial evidence."  Hollander v. American Cyanamid Co., 895 F.2d 80,85

(2d Cir. 1990).

Objections to Responses to Plaintiffs' First Set of Interrogatories

Plaintiffs' motion requests that this court order the defendant to answer

Interrogatory Nos. 6, 12, 13, 16 and 21-25.  According to plaintiffs, the

defendant's answers are either unresponsive, evasive or incomplete.

CIVIL 08-2376 (ADC)                    11

Pursuant to Rule 33(a), a party may serve interrogatories on any other party that relates to any matter that may be inquired into under Rule 26(b).  Fed. R. Civ. P. 33(a).  If a party objects to an interrogatory request, "[t]he grounds for objecting ... must be stated with specificity."  Fed. R. Civ. P. 33(b)(4).  Where a response shows that "the answers as a whole disclose a conscientious endeavor to understand the questions and to answer fully those questions as are proper, the rule has been satisfied." Sanchez-Medina, et al., v. Unicco Service Co., et al., 265 F.R.D. 24, 27 (D.P.R. 2009) (quoting 8A Wright, Miller & Marcus, Fed. Prac. & Proc. §2177 (2d ed. 1994)).

"It is well settled that: [t]he party resisting production bears the burden of establishing lack of relevancy or undue burden... [T]he "mere statement by a party that the interrogatory ... was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." ... "On the contrary, the party resisting discovery must show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."" Aponte-Navedo, et al. v. Nalco Chemical Co., et al., ____F.R.D.___, 2010 WL 2000317 at *5-6 (D.P.R. 2010) (quoting Sanchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 24, 27 (D.P.R. 2009)).

a.    Interrogatory No. 6

Interrogatory No. 6: Identify all facts which support your allegation that Cambridge had a legitimate and valid business related reason to

CIVIL 08-2376 (ADC)                    12

resolve the contract signed between Dr. Schuck and Vazquez on December 18, 2006.  Identify all documents that support this answer. (Docket No. 31-3, at 3.)

Defendant's Response: Cambridge College objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.   Subject to and without waiving these objections, Cambridge College refers Plaintiff to its answer to Interrogatory No. 5.

Defendant's Supplemental Response: As indicated in the answer to the interrogatory, the College had already indicated the facts that supported the cancellation of plaintiff's contract in answering Interrogatory No. 5.  Therefore, there is nothing to supplement. (Docket No. 28-7. at 1.)

Plaintiffs' Contentions: Unresponsive.  Defendant failed to identify all documents that support its answer.  This was discussed during the Rule 26 meeting but was not supplemented.  An order to compel should be issued.  (Docket No. 28, at 9.)

Defendant's Opposition: The documents which Cambridge allegedly failed to identify in Interrogatory #6 were requested by Plaintiffs in 15 independent Requests for Documents.   Although all requests mentioned pertain to the documents requested in interrogatory #6, Request #54 in particular covers the request for documents made in Interrogatory #6 ad verbatim.[3]

Generally, answering an interrogatory by referring to pleadings or other

discovery is insufficient.  However, it may be sufficient if the information sought

in one interrogatory is a sub-set of another.  See Equal Right Center v. Post

_____

[3]   Document Request No. 54 requests: "[a]ll documents constituting or memorializing any communications regarding your contention that "Cambridge had a legitimate, valid, business related reasons to terminate the Contract" as stated in affirmative defense (18)."

CIVIL 08-2376 (ADC)                    13

Properties, Inc., 246 F.R.D. 29, 33 (D.D.C. 2007) (" to the extent that the information sought by this Interrogatory is a sub-set of the information sought by Interrogatory # 6, it was proper for Plaintiff's to answer this question by referring to its earlier answers."); see also 8B Wright, Miller, Kane and Marcus, Fed. Prac. & Proc. Civ. § 2177 (3d ed. 2010) ("Simply referring to pleadings or other discovery is frequently found insufficient.  Evasive or cryptic answers are ordinarily insufficient but each answer must be read in the light of the question in deciding its sufficiency.").

The defendants sufficiently answered Interrogatory No. 6 by referring to Interrogatory No. 5 as well as RFP No. 54 that was essentially the same request. Therefore plaintiffs' motion to compel answer to Interrogatory No. 6. is denied.

b.    Interrogatory Nos. 12 and 13

Interrogatory Nos. 12 and 13 requested that the defendant identify all persons hired and terminated after 2003 by Cambridge Puerto Rico Region, until this date, including their positions, duties and date of birth.  The defendant initially objected, but supplemented its response by producing a list of employees with their titles, hiring/terminating dates and dates of birth.  The defendant contends that it "inadvertently omitted" the duties of the people identified in the exhibit, but will provide such information.

CIVIL 08-2376 (ADC)                     14

Plaintiffs filed a second motion to compel on August 2, 2010, alleging that despite the defendant's agreement to supplement its answer, the defendant has failed to do so.  The defendant agreed on the production and has not provided any reason for its delay.  The defendant is ordered to supplement its response and fully respond to Interrogatory Nos. 12 and 13, as agreed.  Plaintiffs' motion to compel Interrogatory Nos. 12 and 13 is granted.

c.      Interrogatory No. 16

Interrogatory No. 16: Identify all facts and documents which support your allegation that Vazquez was an independent contractor. (Docket No. 31-3, at 6.)

Defendant's Response: Cambridge College objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving these objections, Cambridge College refers Plaintiff to the information set forth in its Initial Disclosures dated June 23, 2009, at pages 15, 22, 24, 27, 140.  (Docket No. 31-3 at 6.)

Defendant's Supplemental Response: The information requested has already been provided during the Initial Disclosures and/or in the College's answer to Plaintiff's discovery requests.  As such, there is no information to supplement.  (Docket No. 28-7, at 2.)

Plaintiffs' Contentions: The interrogatory specifically asked for the facts that supports the allegation that plaintiff was an independent contractor.  The documents defendant referred to are the employment contracts that the plaintiff executed with Cambridge College with the benefits, pensions, insurance, health coverage, etc.  Thus, the answer was evasive and unresponsive.  (Docket No. 28, at 10.)

CIVIL 08-2376 (ADC)                    15

Defendant's Opposition: Cambridge identified the documents that had already been produced related to contracts executed by Plaintiff throughout his tenure with the College.  It follows, that Cambridge is referring to the fact that Plaintiff executed the contracts in questions.  Cambridge was responsive.  (Docket No. 31, at 7.)

The defendant provides no reason for its objections, therefore its objections are without merit.  As stated above, generally it is insufficient to answer an interrogatory by referring to other discovery.  Therefore, the defendant's objections are overruled and the defendant is ordered to produce any documents responsive to RFP No. 16.  Plaintiffs' motion to compel Interrogatory No. 16 is granted.

d.      Interrogatories Nos. 21, 22, 23 and 24 and RFP No. 2.

Interrogatory Nos. 21: State the reason why Dr. Pedro Schuck moved or transferred to Massachusetts and identify all the documents (including electronic communications) that related to such movement or transfer.  (Docket No. 31-3, at 7.)

Interrogatory No. 23: State the position of Dr. Jose R. Mora Grana, date of hire, duties, the specific reasons for the hiring and whether he is Dr. Schuck's replacement.  Identify all documents that support this answer.  (Docket No. 31-3, at 8.)

Interrogatory No. 24: State the names, positions and addresses of the persons involved in the decision to transfer Dr. Pedro Schuck to Massachusetts.  (Docket No. 31-3, at 8.)

RFP No. 2: A certified copy of all Dr. Pedro Schuck's employment/personnel files at Cambridge College. (Docket No. 31-3, at 9.)

Defendant's Response to Interrogatory Nos. 21, 23, 24 and RFP No. 2: Cambridge College objects to this Interrogatory [and Document

CIVIL 08-2376 (ADC)                     16

Request] on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.   Cambridge College further objects to this Interrogatory on the grounds that it calls for confidential and/or private information of non-parties to this litigation. (Docket No. 31-3, at 7-9.)

Interrogatory No. 22: State the current title of the position of Dr. Pedro Schuck and his job duties.  (Docket No. 31-3, at 8.)

Defendant's Response: Cambridge College objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  (Docket No. 31-3, at 8.)

Defendant's Supplemental Response to Interrogatory Nos. 21-24 and RFP No. 2: As per our conversation during the Rule 26 conference, Plaintiff was not interested in Dr. Schuck's or Dr. Mora's entire personnel filed, but only [certain information]. [The defendant produced documents attached as Exhibit #2 and #3.] (Docket No. 28-7, at 1-2.)

Plaintiffs alleges that the defendant substituted the Interrogatories with a document production and that the personnel files produced were not certified. (Docket No. 28, at 10-11.)  Despite the fact that the defendant's objections to the interrogatories are insufficient because the defendant did not state the reasoning behind the objections, as required by Rule 33, the parties narrowed the issues and came to an agreement as to what would be produced.  The defendant then supplemented its response with a production of documents.  Plaintiff now asserts that the supplemental response was also deficient because the defendant substituted an interrogatory answer with a document production and even so,

CIVIL 08-2376 (ADC)                      17

failed to fully produce the documents requested.  The dispute raises two issues:

(i) can an interrogatory response be answered with a production of documents;

and (ii) is the personnel file of a non-party employee discoverable?

      (i)      Responding to an interrogatory with a production of documents

      The defendant relies on Fed. R. Civ. P. 33(d) to support its contention that

it is allowed to identify documents in response to an interrogatory.  (Docket No.

31, at 9.)  Federal Rule 33(d) states that "[i]f the answer to an interrogatory may

be determined by examining, auditing, compiling, abstracting, or summarizing a

party's business records, and if the burden of deriving or ascertaining the answer

will be substantially the same for either party, the responding party may answer

by: specifying the records that must be reviewed... ."  Fed. R. Civ. P. 33(d).  The

defendant has improperly applied Rule 33(d).

      Applying Rule 33(d)[4], the First Circuit held in <u>Blake Associates, Inc. v. Omni</u>

<u>Spectra, Inc.</u>:

> it is improper to invoke [Rule 33(d)] in answers to interrogatories and
> then claim that some or all of the documents containing the
> information are privileged and not subject to disclosure. If a party is
> going to invoke [Rule 33(d)], the party must be prepared to allow
> inspection of the documents which contain the answers to the
> interrogatories. If a party is going to claim a privilege with respect to

---

    [4] The First Circuit in <u>Blake</u> was referencing Rule 33(c). However, the 1993
Amendments to Rule 33 renumbered subdivisions (c) and (d), so that now the
option to use business records falls under Rule 33(d).  See Advisory Committee
Notes to Fed. R. Civ. P. 33.

CIVIL 08-2376 (ADC)                          18

> documents, the party cannot use [Rule 33(d)]; rather, the party must answer the interrogatory in the traditional manner.

118 F.R.D. 283, 290 (D.Mass.1988.)

The option to produce business records was added to Rule 33 where the interrogatory answer required expensive and burdensome research into a party's own files.  See Advisory Committee Notes to Fed. R. Civ. P. 33.  The option only applies when: 1) the burden of deriving or ascertaining the answer will be substantially the same for either party, and 2) the response sufficiently specifies the records that must be reviewed.  Courts have held that it is improper to invoke the option to produce business records where the interrogatory seeks information and the identification of documents that support that answer, instead of a compilation of data.  See e.g. Budget Rent-A-Car of Mo., Inc. v. Hertz, 55 F.R.D. 354, 358 (W.D.Mo., 1972) (court held that "[s]ince [the] interrogatory… basically seeks to elicit such specificity in identifying certain documents rather than a compilation of information, this is clearly not a situation in which [Rule 33(d)] may properly be used.")

The Interrogatories at issue are asking specific questions regarding employment decisions made by the defendant.  If the defendant believes that the answers to plaintiffs' interrogatories are contained within the personnel files of Dr. Schuck and Dr. Mora, the defendant cannot respond by producing certain documents within the personnel files and then withholding other documents.

CIVIL 08-2376 (ADC)                    19

(ii)    Producing the personnel file of a non-party employee

The defendant also argues that the plaintiffs are seeking confidential information about third parties unrelated to the litigation.  The defendant supports this argument by pointing to court decisions[5] that have "held that personnel records, although not protected by a specific privilege, are protected by a strong public policy against unfettered disclosure."  (Docket No. 31, at 8.)    In an employment action, personnel files are discoverable when the personnel file sought is that of an employee directly involved with the incident that gave rise to the action.  See e.g. Moss v. Blue Cross Blue Shield of Kansas, Inc., 241 F.R.D. 683, 698 (D. Kan. 2007) ("[g]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the law suit.")

---

[5]  The cases the defendant cites are misplaced.  For example, the court in Cason v. Builders First Source-Southeast Group, Inc. does note the strong public policy against public disclosure of personnel files.  Nevertheless, the court holds that "where the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses..., personnel files are subject to discovery."  159 F.Supp.2d 242, 247 (W.D.N.C. 2001).  In Cason, an employment discrimination suit, the court granted plaintiff's motion to compel production of the personnel files of the plaintiff's supervisors and alleged participants because "the Plaintiff's right to conduct meaningful discovery outweighs the public policy against the general disclosure of personnel files."  Id. at 248.

CIVIL 08-2376 (ADC)                    20

In the instant action, the parties came to an agreement specifying which information would be produced.  Plaintiffs have clearly addressed which parts of the file they wish to review and the reasoning behind seeking the files.  It is also undisputed that Dr. Schuck was the key decision maker relating to plaintiff's employment.

The defendant is ordered to provide written responses to Interrogatory Nos. 21-24 and produce documents as requested by RFP No. 2 and as narrowed by the parties' agreements.  Plaintiffs' motion to compel Interrogatory Nos. 21-24 and RFP No. 2 is granted.

        d.    Interrogatory No. 25

Interrogatory No. 25: State whether the defendant created a Center of Leadership and Continuing Education or its equivalent.  If so, state the names, positions, dates of birth and duties of all the persons that compose or work for such center and the location of the center.  (Docket No. 31-3, at 8.)

Defendant's Response: Cambridge College objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.   Subject to and without waiving these objections, Cambridge College states the Center of Leadership and Continuing Education existed for two semesters (Fall 2008 and Spring 2009.)  (Docket No. 31-3, at 8.)

Defendant's Supplemental Response: [The requested information was narrowed during the Rule 26 conference.] The information requested has already been provided during the Initial Disclosures and/or in the College's answer to Plaintiff's discovery requests.  As such, there is no information to supplement.  (Docket No. 28-7, at 2.)

CIVIL 08-2376 (ADC)                    21

> Plaintiffs' Contentions: The defendant did not answer the interrogatory... . First the defendant was required to present a written [sic] to the interrogatory, not to make general references to documents defendant allegedly produced. ... Second, defendant's original answer... is unresponsive and evasive. ... Furthermore, the production of this evidence is crucial and the materiality of this information is evident. (Docket No. 28, at 12-13.)

> Defendant's Opposition: The persons involved in the Center are already identified in [Exhibit #1 to the April 16 supplemental response]. However, Defendant did not specify which people of the ones included in Exhibit #1 to the April 16th letter were involved in the Center. Defendant will Supplement this information, which was inadvertently omitted. (Docket No. 31, at 11.)

The defendant's response to Interrogatory No. 25 is wholly insufficient. First, the defendant's objections lack merit. The defendant provides no justification or reason as to why it cannot provide a written response to the interrogatory or why it is not relevant to the case. Second, as stated above, it is not sufficient to answer an interrogatory by referring to pleadings or other discovery. Last, the interrogatory not only asks for the names, positions, dates of birth and duties of the persons who work for the Center, but also whether the defendant created the Center and the location of the Center. The information regarding the Center is a different interrogatory than Interrogatory Nos. 12 and 13. Therefore, plaintiffs' motion to compel is granted and the defendant is ordered to respond to Interrogatory No. 25.

CIVIL 08-2376 (ADC)                    22

<u>Objections to Answers to the Request for Production of Documents</u>

Plaintiffs' motion requests that this court order the defendant to produce documents as requested in RFP Nos. 2[6], 13, 15, 16, 18, 19, 24, 39, 40-47, 54, 55, 64, 65, 69, 70,76-78, 80-81, 83, 88, 89 and 91.  (Docket No. 28, at 14-24.)

        a.    RFP Nos. 13, 18, 19, 24, 39, 40-47, 54, 55, 65, 70, 76-78, 80-81, 89 and 91

The above captioned Requests seek documents generally related to the plaintiff's resignation, cancellation of the consulting contract between plaintiff and Dr. Schuck and reasons behind terminating the contract.  The defendants answered by producing a set of documents attached at Tab C to the defendant's answer to plaintiff's discovery requests, referred to as "Tab C documents". The dispute is over three pages that were omitted from the Tab C documents, Pages 360-363 (Docket No. 28-11.)  The defendants omitted the pages on privilege grounds and plaintiffs argue that a blanket privilege claim without providing additional information does not comply with Fed. R. Civ. P. 26(b)(5).

Pursuant to Rule 26(b)(5), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged..., the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed."  Fed. R. Civ. P.

---

[6] As stated above, plaintiffs' motion to compel the production of documents responsive to RFP No. 2 was granted.  <u>See</u> *supra* at 19.

CIVIL 08-2376 (ADC)                    23

25(b)(5)(A).  Under the specificity requirement, "the objecting party must be specific enough in its objections to support its privilege, but not too specific so as to divulge privileged information." Rivera v. Kmart Corp., 190 F.R.D. 298, 300 (D.P.R. 2000).  "If the responding party fails to timely object or state the reason for the objection, he or she may be held to have waived any objections." Id. Waiver is not automatic, however. Id. at 300.  It is within the court's discretion to hold that a party has waived its objection and "[t]he circumstances surrounding the objections must be weighed in determining whether the documents are to be produced." Id.

The defendant's privilege claim satisfies the specificity requirement of Rule 26(b).  The defendant explained: "the reason why these pages were omitted was that they were protected by attorney-client privilege.  The three pages contained communications between the College's Co-Counsel, Atty. Mathew L. Mitchell from the College's Law Firm Massachusetts and Dr. Jerome Saunders, the College's Director of Human Resources.  The communication was made on October 5, 2009 and contained legal advice." (Docket No. 28-7, at 3.)  It is undisputed that such communications are covered by attorney-client privilege.  The documents are clearly privileged, therefore, plaintiffs' motion to compel pages 360-363 of Tab C is denied.

    b.  RFP No. 15

CIVIL 08-2376 (ADC)                    24

RFP No. 15: All documents relating to the number of students that were admitted at Cambridge Puerto Rico Region during the years 2003, 2004, 2005, 2006.  (Docket No. 31-3, at 12.)

Defendant's Response: Cambridge College objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  (Docket No. 31-3, at 12.)

Defendant's Supplemental Response: The College objects to producing the data related to the students enrolled in the College on years 2003, 2004, 2005 and 2006.  The College objects the production of this date because it is confidential proprietary information and is irrelevant to the controversies before th Court. The College will not supplement this production.  (Docket No. 28-7, at 3.)

Plaintiffs discussed their opposition to the defendant's objection in its motion.  However in the defendant's opposition to plaintiffs' motion, the defendant stated that "Cambridge will supplement this information and will provide the number of students enrolled during in Cambridge Puerto Rico during the years mentioned."

Plaintiffs' second motion to compel, filed on August 2, 2010, stated that despite the agreement reached, the defendant has yet to produce any documents responsive to RFP No. 15.  (Docket No. 43, at 2, ¶¶ 3-4.)  Based on the parties' agreement, the defendant is ordered to produce documents responsive to RFP No. 15; plaintiff's motion to compel a response to RFP No. 15 is granted.

       c.    RFP Nos. 16, 64 and 69

CIVIL 08-2376 (ADC)                    25

RFP No. 16: All documents that relate to the creation of the Center of Leadership and Continuing Education or its equivalent.  (Docket No. 31-3, at 12.)

Defendant's Response to RFP No. 16: Cambridge College objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  (Docket No. 31-3, at 12.)

RFP No. 64: All documents prepared or reviewed and/or compiled by management, Board of Directors and/or Supervisory Committee (Comite de Supervicion [sic]) and/or Executive Group (Grupo Ejecutivo) which refer or relates in any way to positions eliminated or to be eliminated at Cambridge College Puerto Rico Regional Center during calendar year 2007.  (Docket No. 31-3, at 23.)

RFP No. 69: All documents pertaining to the names of all employees, their ages and positions who were terminated, contracts cancelled, demoted moved laterally, or promoted during 2006 until to date. (Docket No. 31-3, at 24.)

Defendant's Response to RFP Nos. 64 and 69: Cambridge objects to this Document Request insofar as it seeks information protected by attorney-client privilege.  Cambridge College also objects to the Document Request on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Cambridge College further objects to this Interrogatory on the grounds that it calls for confidential information and/or private information of non-parties to this litigation that is protected from disclosure by public policy.  (Docket No. 31-3, at 23 and 25.)

Defendant's Supplemental Response to RFP Nos. 16, 64, and 69: As per our conversation, Plaintiff is interested in obtaining all available information and communications related to the decision to open and/or eliminate the Center of Learning and Continuing Education. [The parties agreed on production of a specified list of data.] The information requested has already been provided during the Initial Disclosures and/or in the College's answer to Plaintiff's discovery

CIVIL 08-2376 (ADC)                         26

requests.  As such, there is no information to supplement.  (Docket No. 28-7, at 2.)

Plaintiffs' Contentions: Defendant's initial disclosures did not contain any discovery related to the creation of the Center of Leadership and Continuing Education or its equivalent.  (Docket No. 28, at 19.)

Defendant's Opposition: Cambridge provided Plaintiffs will [sic] all information in the Cambridge's custody or control concerning the creation of the Center at Tab B and C of its original answer.  (Docket No. 31, at 14.)

The defendant's original objections are overruled as they are not sufficient to pass the specificity requirement of Rule 34(b)(2)(B) and (C): a response must "state an objection to the request, including the reasons.  An objection to part of a request must specify the part and permit inspection of the rest."  The defendant merely provides a blanket objection, which alone is not sufficient.

The parties did narrow the issues.  However, the defendant did not produce documents responsive to the agreed upon request, but instead referred to other discovery requests.  This is not sufficient.  The defendant is therefore ordered to respond to Interrogatory Nos. 16, 64, and 69 as agreed upon at the Rule 26 conference and listed in the defendant's April 16 letter.   Plaintiffs' motion to compel responses to RFP Nos. 16, 64 and 69 is granted.

            d.     RFP No. 83

RFP No. 83: Any and all documents, correspondence, minutes, etc., concerning the January, 2007 meeting.  (Docket No. 31-3, at 28.)

CIVIL 08-2376 (ADC)                    27

> Defendant's Response: Cambridge College objects to this Document Request on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. (Docket No. 31-3, at 28.)

> Defendant's Supplemental Response:  As per our conversation, Plaintiff is interested in obtaining all available information and communications related to the decision to open and/or eliminate the Center of Learning and Continuing Education. [The parties agreed on production of a specified list of data.] The information requested has already been provided during the Initial Disclosures and/or in the College's answer to Plaintiff's discovery requests.  As such, there is no information to supplement. (Docket No. 28-7, at 2.)

Again, answering a request for production of documents by referring to a pleading or other discovery is insufficient.  Even so, plaintiffs argue that the defendant did not produce documents responsive to this discovery request in its Initial Disclosures.  The January 2007 meeting referred to is relevant because plaintiffs allege in the complaint that during the January 2, 2007 meeting, "an organization chart was distributed and plaintiff's name was omitted from the position of Center for Leadership and Continuing Education." (Docket No. 28, at 22.)

The defendant argues that the request is vague and over-broad.  At the Rule 26 meeting, the parties specifically discussed what is responsive to RFP No. 83 and what would be produced.  Therefore, the defendant is ordered to produce any documents responsive to RFP No. 83 as discussed; plaintiff's motion to compel is granted.

CIVIL 08-2376 (ADC)                    28

    e.    RFP No. 88

RFP No. 88: All names, positions, salaries, date of birth of all employees or independent contractors hired after 2006 at Cambridge College PR.  (Docket No. 31-3, at 29.)

Defendant's Response: Cambridge College objects to this Document Request on the grounds that it is overbroad in time and scope, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.  (Docket No. 31-3, at 29.)  (The defendant did not address this request in its supplemental response.  (Docket No. 28, at 23 n. 3.))

The defendant did not address this request in its supplemental response. However, in opposing plaintiff's motion to compel, the defendant asserted that the requested documents were requested in interrogatories ##12-14 and were provided to plaintiffs in Exhibit #1 of the April 16 letter supplementing the response.   (Docket No. 28, at 23, n. 3 and Docket No. 31, at 15.)   The defendant's objections are not sufficient.  Moreover, plaintiffs have shown the relevancy of the request: to provide evidence of a pattern or practice of hiring. Such evidence is relevant in an employment discrimination case: "courts have held that evidence of general patterns of discriminatory treatment by an employer may be relevant even in an individual disparate treatment or age discrimination case because such evidence may help prove discriminatory animus."   See Sanchez-Medina v. UNICCO Service Co., 265 F.R.D. 29, 40 (D.P.R. 2010). Therefore, plaintiff's motion to compel Interrogatory No. 88 is granted.

    B.    Defendant's Opposition

CIVIL 08-2376 (ADC)                    29

The defendant opposed plaintiffs' motion generally arguing that plaintiffs have not complied with Local Rule 26(b) which requires plaintiffs to make a reasonable, good faith effort in resolving the discovery before bringing the issue to the court.  (Docket No. 31, at 2.)  The defendant argues that plaintiffs "did not exhaust the good faith and civility efforts required by Local Rule 26(b)."  (Docket No. 31, at 3.)  Under Rule 26(b), "a judge shall not consider any discovery motion that is not accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach an agreement with opposing counsel on the matters set forth in the motion.  An attempt to confer will not suffice."  Local Rule 26(b).

Plaintiffs' motion does include a certification that they made a good faith effort to solve the discovery dispute.   In fact, plaintiffs have met with the defendant twice to discuss the discovery issues; first when the original response was received and again via telephone when the supplemental response was received.  Plaintiffs refused to meet with the defendant yet a third time because the defendant made it clear that it believed it had complied with the discovery request and further discussion would be futile and only cause unnecessary delay.

Due to plaintiffs' efforts in resolving their dispute, the court finds that plaintiff has complied with Local Rule 26(b).

II.     PLAINTIFFS' SECOND MOTION TO COMPEL

CIVIL 08-2376 (ADC)                    30

On August 2, 2010, Plaintiffs filed a second motion to compel, requesting that the court order the defendants to answer plaintiffs' Second Request for Production of Documents and Request for Admissions.  (Docket No. 43, at 2.) Plaintiffs assert that the parties reached an agreement whereby the defendant would produce the requested documents on July 13, 2010.  (Docket No. 43, at 2, ¶9.)

The court expects that self-imposed deadlines and mutually agreed upon dates will be met.  See Cintron-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (quoting Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002) ("[w]hen a litigant... proposes a compliance date, the court is entitled to expect that the litigant will meeting its self-imposed deadline.")  Plaintiffs' second motion to compel is granted and the Defendant is hereby ordered to answer plaintiffs' Second Request for Production of Documents and Request for Admissions.

III.    DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS

A.    Background

On June 25, 2009, the defendant served Defendant Cambridge College, Inc.'s First Request for Production of Documents ("RFP").  (Docket No. 32, at 1 and Docket No. 32-2, at 24.)  On October 8, 2009, plaintiffs sent a response to the defendant.  (Docket No. 32, at 1 and Docket No. 32-3, at 8.)  Plaintiffs'

CIVIL 08-2376 (ADC)                          31

Production of Documents included various responses, including production of documents and objections, as well as several answers.  (Docket No. 32-3, at 8-12.)

On January 21, 2010, the defendant sent a letter to plaintiffs opposing many of plaintiffs' objections.  (Docket No. 32-4, at 1.)  Specifically, the defendant opposed objections to RFP Nos. 5-7.  RFP No. 5 requested copies of plaintiffs' bank statement for years 2005-2009; RFP No. 6 requested copies of plaintiffs' credit card bills for years 2005-2008; and RFP No. 7 requested a copy of plaintiffs' credit report as of June 24, 2009.[7]  (Docket No. 32-2, at 29-30.)  Plaintiffs' response was that they did not have the bank's statements, credit card bills, or credit reports. (Docket No. 32-3, at 9.)

On April 29, 2010, the parties held a Rule 26 conference and according to the defendant, plaintiffs then objected on the grounds that the requests were oppressive.  (Docket No. 32, at 2.)  In a letter to the defendant's counsel on May 7, 2010, plaintiffs asserted that the requests were "arbitrary, oppressive and unnecessary" as well as imposing "an undue burden, privacy interests and rights." (Docket No. 32-5, at 1.)  On May 11, 2010, the defendant advised plaintiffs that the information is "relevant to Plaintiffs' claims for economic and emotional

---

[7] Plaintiffs have agreed to produce their credit reports, therefore this motion requests that the court order plaintiffs to produce their bank statements and credit card bills, as requested by RFP Nos. 5 and 6.  (Docket No. 32, at 2, n. 2.)

CIVIL 08-2376 (ADC)                    32

damages," however, plaintiffs reaffirmed their objections.  (Docket No. 32-6, at

1 and Docket No. 32-7, at 1.)

B.    The Defendant's Contentions

The defendant asserts that the information requested is discoverable

because: (1) it is evidence relevant to defendant's affirmative defense[8] that

plaintiffs received income that they did not report for income tax purposes; (2) it

is evidence relevant to the plaintiffs' alleged damages[9]; and (3) the Plaintiffs have

not objected to providing financial statements generally as they have already

produced one type of financial statement.  (Docket No. 32, at 4.)

Plaintiffs have objected to RFP Nos. 5 and 6 on the grounds that they are

"unnecessary, overly broad, irrelevant, oppressive, unduly burdensome and

duplicative." However, they provide no reasons to support their objections.[10]

_____

[8] "Defendant raised several affirmative defenses pertaining to Plaintiffs' damages claims, including *inter alia*: (1) that Plaintiffs have not suffered damages; (2) that their alleged damages are self inflicted; (3) that their alleged damages are grossly exaggerated; (4) that they failed to mitigate damages; and (5) that they are not entitled to compensatory or punitive damages as requested." (Docket No. 32, at 3.)

[9] Plaintiffs allege economic damages of $200,000 and seek an award of $2,400,000 in damages for "emotional and mental anguish, pain and suffering caused as a result of defendant's illegal actions."  (Docket No. 1, at 12.)

[10] In footnote 6 of plaintiffs' opposition to the defendant's motion, plaintiffs note that they "do not possess, or have custody or control over the banking statements from 2005-2009."  (Docket No. 36, at 6, n. 6.)  Plaintiffs allege that

32

CIVIL 08-2376 (ADC)                    33

(Docket No. 36 at 7.)    Plaintiffs argue that the production of their bank statements and credit card bills is irrelevant because "[t]he evidence produced by the plaintiffs such as their Income Tax Returns from the years 2005 to 2008, the W-2's Forms from plaintiffs' employers for the years 2005 to 2008, the Credit Reports and the UBS financial statement, is the best evidence to assess plaintiffs' income and financial losses, credit information, payments, creditors, debts, etc., not their checking account." (Docket No. 36, at 5.)  Furthermore, plaintiffs claim that "Plaintiffs' evidence suffices for the information sought by the defendant and defendant may very well discover plaintiffs' economic damages from it." (Docket No. 36, at 6.)

Pursuant to Fed. R. Civ. P. 26(b)(1), the scope of discovery is very broad: "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  The term "relevant information" within Rule

_____

"it is common knowledge that all banking institutions charge their clients a great deal of money for each financial statement they have to produce." (Docket No. 36, at 6, n. 6.)  Both objections lack any merit.  Rule 34's requirement that a party produce any documents within its "possession, custody or control," "[l]egal ownership or actual physical possession is not required; documents are considered to be under a party's 'control' when that party has the right, authority or ability to obtain those documents upon demand." Green v. Fulton, 157 F.R.D. 136, 142 (D. Me. 1994); see also Fed. R. Civ. P. 34(a)(1).

CIVIL 08-2376 (ADC)                    34

26 "includes any matter that is or may become an issue in the litigation."
Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995).  Contrary
to the plaintiffs' assertion[11], "[i]t is well settled that: [t]he party resisting
production bears the burden of establishing lack of relevancy or undue burden."
Aponte-Navedo, et al. v. Nalco Chemical Co., et al., __ F.R.D. __, 2010 WL
200317 at *5 (D.P.R. 2010).

Plaintiffs argue that because their income tax returns and W-2 tax forms,
as well as a UBS financial statement from 2007 have been produced, the
defendants have sufficient evidence to assess plaintiffs' income and financial
losses.  (Docket No. 36, at 5.)  Plaintiffs focus their opposition to the defendant's
motion on reasons why the tax returns, W-2s and the UBS financial statement are
the "best evidence to assess plaintiffs' income and financial losses... ."  (Docket
No. 36, at 5.)  This is not sufficient to satisfy their burden that the request is
irrelevant.  Therefore, plaintiffs' financial documents are relevant and discoverable
in this action.

C.    Plaintiffs' Motion for Protective Order

---

[11] In Plaintiffs' Opposition to the Defendant's Motion to Compel Plaintiffs to
Produce Documents, plaintiffs assert that "Defendant has failed to meet its burden
establishing the relevancy of four years of banking records to the issues in
dispute."  (Docket No. 36, at 6.)

CIVIL 08-2376 (ADC)                    35

Under Fed. R. Civ. P. 26(b)(2)(c), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Plaintiffs do not provide any justification why a protective order should be issued in this case.  Simply referring the defendant to a previously produced document and asserting that it contains the information the defendant seeks is not sufficient.  Therefore, plaintiffs' motion for protective order is denied.

Plaintiffs are ordered to produce documents responsive to the request to the extent they have such documentation.  The portion of the defendant's motion to compel that seeks a release from plaintiffs to obtain their bank records is denied.  Plaintiffs are not ordered, to produce documents that are held by a non-party to this litigation, such as financial institutions.  See e.g. Johnson v. Kraft Foods North America, Inc., et al., 236 F.R.D. 535, 540 (D. Kan. 2006) ("[T]he court finds no

CIVIL 08-2376 (ADC)                    36

basis within Fed. R. Civ. P. 34 to compel a party signature.  The appropriate

procedure to compel non-parties to produce documents is to serve them a

subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure.  It is only

after the individuals or entities object on grounds of privilege or otherwise fail to

produce the documents pursuant to subpoena that the Court will consider a

motion requesting (1) the Court compel the entity to produce the documents

pursuant to Rule 45; or (2) compel the party to execute appropriate releases

pursuant to the Court' general powers to enforce its own orders."); see also

Clayton Brockerage Co, Inc. Of St. Louis v. Clement, 87 F.R.D. 569, 571 (D. Md.

1980) (citing United States v. Miller, 425 U.S. 435 (1975) ("In Miller, the Supreme

Court held that a bank customer has no 'legitimate expectation of privacy' in the

contents of checks, deposit slips and other banking documents.  These records are

not confidential communications but instruments of commercial transactions. ...

[T]he documents sought… are the business records of the bank, and the issuance

of a subpoena requiring the bank to produce its records is not violative of any

cognizable privacy right of the defendant.")

CONCLUSION

For the reasons set forth above, plaintiffs' first motion to compel

responses to interrogatories and document request is GRANTED in part and

CIVIL 08-2376 (ADC)                    37

DENIED in part. ( Docket No. 28.)  The defendant's motion to compel is

DENIED (Docket No. 32),  and the Plaintiffs' motion for a protective order is

DENIED. Docket No. 36.)     Plaintiffs' second motion to compel is GRANTED.

(Docket No. 43.)

      SO ORDERED.

      At San Juan, Puerto Rico, this 30th day of August, 2010.


                              S/JUSTO ARENAS
                    Chief United States Magistrate Judge